IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD CHARLES JOHNSON | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, \_\_\_ U.S. \_\_\_, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

On June 9, 2010, the defendant was sentenced to 120 months imprisonment after pleading guilty to Count 90, a substantive count of the Superseding Indictment, which charged possession with intent to distribute and distribution of 5 grams or more of cocaine base. In exchange for his cooperation, the government agreed to recommend dismissal of his pending state drug charges and also agreed to dismiss the remaining federal charges.

The defendant had two prior felony drug convictions which subjected him to enhanced penalties—a minimum sentence of Life—under 21 U.S.C. § 851. However, the government agreed to allow the defendant to plead to Count 90 which had the effect of lowering the defendant's statutory range from Life down to a mandatory minimum sentence of 120 months.

1

The defendant's adjusted offense level of 25 (base offense level of 28, minus three levels for acceptance of responsibility), coupled with a criminal history category of II, produced a guidelines range of 63 to 78 months imprisonment.  Because the defendant had two prior felony convictions which he stipulated to in his plea agreement, the statute under 28 U.S.C. Section 841(b) dictated a sentence of a mandatory minimum term of 120 months.  Under U.S.S.G. § 5G1.1(b), if a proposed guideline sentence is less than the mandatory minimum sentence, then the statute trumps the guidelines and the statutory sentence must be applied.

After sentencing, the defendant did not file an appeal of his final judgment and commitment.  He did file a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel.  The court denied the § 2255 motion on December 13, 2011.

As the government notes in its brief in opposition to the motion, the court already gave the defendant the benefit of a sentence reduction based upon a 1 to 1 crack cocaine to cocaine disparity ratio.  Although his guidelines range was reduced, the statutory mandatory minimum sentence of 120 months trumped the defendant's guidelines sentence.

Moreover, the Fair Sentencing Act of 2010 (FSA) does not apply to the defendant's case as he was sentenced on June 9, 2010, which was *prior to* enactment of the FSA.  The FSA applies retroactively only to offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.   See *Dorsey, supra,* and *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012).

For the foregoing reasons, the defendant's motion to reduce his sentence (ECF No. 1675) is denied. The defendant's motion to appoint counsel is also denied (ECF No. 1682).

IT IS SO ORDERED.

January 8, 2013　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge